PD-1396-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/10/2015 4:10:47 PM
Accepted 8/11/2015 8:16:04 AM
ABEL ACOSTA
CLERK

LAW OFFICES

GOLDSTEIN, GOLDSTEIN AND HILLEY

310 S. ST. MARY'S STREET, SUITE 2900
SAN ANTONIO, TEXAS 78205-3117

ELI GOLDSTEIN
(1910-1998)
GERALD H. GOLDSTEIN
LICENSED IN TEXAS AND COLORADO
VAN G. HILLEY
CYNTHIA HUJAR ORR
DONALD H. FLANARY, III

AREA CODE 210
TELEPHONE 226-1463

AREA CODE 210
FACSIMILE 226-8367

FILED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

August 10, 2015

Court of Criminal Appeals
Attn: Abel Acosta, Clerk of the Court
Supreme Court Building
201 West 14th Street, Room 106
Austin, Texas 78701

RE:     *Jon Thomas Ford vs. State of Texas*, Cause No. PD-1396-14 in the Court of Criminal Appeals, Austin, Texas.

Dear Mr. Acosta,

Undersigned counsel for Jon Thomas Ford, Appellant, respectfully notifies the judges of this Honorable Court of the following intervening and authorities in regard to the above entitled and numbered cause. This letter should follow the discussion on page 8 of the Appellant's brief to the Court.

In *United States v. Graham*, 2015 WL 4637931(4th Cir. 2015), the court held the warrantless acquisition of historical "Cell Site Location Info" (CSLI) was an unreasonable search.

The court found there is a reasonable expectation of privacy to CSLI. The majority opinion points to the privacy policy of the service provider finding the policy only collects information regarding the cell phone use, saying nothing about disclosing the information. *See id.* at *8. Further, the court finds the general acceptance of a reasonable expectation of privacy since most cell phone users do not read the agreement. *See id.*

Lastly, the court analyzed recent Supreme Court cases to justify their holding stating:

> "Taken together, Karo, Kyllo, and the views expressed in Riley and the Jones concurrences support our conclusion that the government invades a reasonable expectation of privacy when it relies upon technology not in general use to discover the movements of an individual over an extended period of time. Cell phone tracking through inspection of CSLI is one such technology." 4 *See id.* at 12.

Justice Thacker concurred, writing, "[a]t bottom this decision continues a time-honored American tradition- *obtaining a warrant is the rule, not the exception.*" (*emphasis added*) *See id.* at 38.

In an *Order Affirming Denial of Application For Historical Cell Site Location Information* in *In Re: Application for Telephone Information Needed for A Criminal Investigation*, N.D. Cal., Case No. 15-XR-903304-HRL-1(LHK)(2015) a judge ordered the prosecution to show probable cause to obtain CSLI.

Thank you for your attention to this matter. Please do not hesitate to contact my office if you have any questions.

Sincerely,

*/s/ Cynthia E. Orr*

Cynthia E. Orr
  Goldstein, Goldstein & Hilley

cc: ADA Jay Brandon